Gross, Appellant, vs. Salsich, Respondent.

*December 7, 1910—January 10, 1911.*

*Contracts: Construction: Exchange of lands: Performance and tender: Remedies.*

1. Pursuant to a previous written contract, the parties exchanged lands as therein agreed, with the exception of one lot the title to which was in litigation, and defendant agreed in writing to pay plaintiff $500 if he should be unable to give title to that lot by a certain date. *Held,* that the two contracts should be construed together, the original contract remaining in force and binding plaintiff to carry out any stipulations on his part which remained unperformed, and defendant's new promise being in the nature of security for performance on his part.

2. Within the time limited defendant perfected his title to the unconveyed lot and tendered a proper conveyance to plaintiff

upon condition that the latter pay over a certain excess of rents which he had in the meantime collected and which defendant was entitled to under the original contract. *Held*, that such condition was reasonable and proper and the tender sufficient under the contract.

[3. Whether, if defendant being able had absolutely refused to convey under any circumstances, plaintiff could maintain an action to recover the $500, or whether his remedy would be for specific performance, not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed*.

This is an appeal from a judgment dismissing the plaintiff's complaint and rendering judgment in favor of the defendant on his counterclaim for $75, together with costs. The complaint is based upon an agreement dated June 22, 1905, under which, it is alleged, it was agreed that if defendant should not be able to give plaintiff a good and merchantable deed for lot 18, in block 2, Hillcrest, East Milwaukee, county of Milwaukee, Wisconsin, on or before December 21, 1905, then and in that event defendant agreed to pay plaintiff $500; that defendant was unable to execute and did not execute said conveyance and did not offer or tender the same to the plaintiff; that the sum of $500 has been due and unpaid from defendant to plaintiff since December 21, 1905, for which sum plaintiff demands judgment with interest from said 21st day of December, 1905.

The defendant's answer sets up an earlier agreement dated June 3, 1905, between plaintiff and his father as parties of the first part and defendant as party of the second part, under which agreement plaintiff and his father were to convey certain real estate to defendant subject to mortgages, and defendant was to convey to plaintiff certain real estate in exchange and pay plaintiff $5,000, excess in value of the real estate of the plaintiff over that of the defendant; that the exchange of the properties and payment of the money was to

be made June 30, 1905; that the agreement of June 3, 1905, provided, among other things, that each of the parties should be entitled to the possession and to the receipt of the rents and profits of the premises agreed to be conveyed from the 1st day of July, 1905, and that the parties of the first part should pay and assume the interest and mortgages on the property described up to the 1st day of July, 1905; that the exchange of properties, except lot 18, and the payment of the $5,000, was made before June 30, 1905, namely, on June 22, 1905; that the plaintiff and his father breached the agreement of June 3, 1905, and collected and converted to their own use, without the consent of the defendant, rents belonging to defendant, and took possession of the property and assumed ownership and control thereof, failed to pay water taxes as agreed, and did other acts respecting said property contrary to the agreement, to defendant's damage. Defendant also alleged that he had title to lot 18 and was ready, willing, and able to convey it to plaintiff as soon as plaintiff carried out his agreement and reimbursed defendant for rents and other moneys due defendant under the contract. The answer also sets up a counterclaim demanding $99.34.

The principal facts were stipulated and the case submitted to the court upon such stipulation of facts, the testimony of the plaintiff taken, and upon the facts admitted in the pleadings. The court made the following findings of fact and conclusions of law:

"*First.* That on June 3, 1905, the plaintiff and his father, Bernard Gross, as parties of the first part, and the defendant as party of the second part, made and entered into the written agreement set forth in the defendant's answer herein.

"*Second.* That pursuant to said agreement the parties interested, on June 22, 1905, instead of June 30, 1905, the time stipulated in said agreement, made an exchange by way of mutual conveyance of the respective properties set forth in said agreement, plaintiff alone conveying to defendant and defendant conveying to plaintiff alone by mutual consent, and

on said day paid the sum of money agreed to be paid therein and accounted for rents collected, etc., prior to June 22, 1905, up to July 1, 1905, with the exception of lot 18, block 2, in Hillcrest, which was not at that time conveyed because said lot was then in litigation. Said lot was vacant and unproductive and valued at $500 June 3 and 22, 1905.

"*Third.* That on June 22d aforesaid, the time for the conveyance of said lot 18, block 2, Hillcrest, was extended by written agreement in the words following:

" 'June 22, 1905.

" '*Mr. Harry F. Gross,* Milwaukee.

" 'DEAR SIR: I am unable to give you a good and merchantable deed for lot number 18, in block 2, Hillcrest, East Milwaukee, on account of the litigation concerning the same now pending in court.

" 'I would therefore request you to give me six months' time from date to give you the deed, and hereby agree that in case I should not be able to give you then the deed I shall pay you the sum of five hundred dollars ($500) on the 21st day of December, 1905. I also wish to state that as I am in a hurry to leave town and cannot wait for the perfection of the abstract of title, I hereby agree to pay all expenses necessary to perfect the title of all the other lots in Hillcrest which I have deeded to you this day.'

"Which was signed by plaintiff and accepted by said defendant. No other agreements being made except as aforesaid.

"*Fourth.* That after June 22, 1905, aforesaid, plaintiff collected through his father as his agent, in excess of what was due him as appeared upon an accounting had at the trial, the sum of $75, which belonged to the defendant under said agreement of June 3, 1905, and that plaintiff neglected and refused to account for and pay over to said defendant said sum as demanded, prior to said trial.

"*Fifth.* That on September 22, 1905, the litigation concerning said lot 18, block 2, Hillcrest, was terminated, and said defendant by warranty deed dated September 25, 1905, from Thomas H. Brown and wife to him, became the owner of and acquired merchantable title to said lot 18, and after September 25, 1905, was able to give plaintiff a deed to said lot conveying merchantable title thereto, as agreed by contract aforesaid, and in full compliance therewith.

"*Sixth.* That on December 28, 1905, said defendant and his wife duly executed a warranty deed to said plaintiff, conveying said lot 18, in block 2, Hillcrest, aforesaid, and on that day notified said plaintiff in writing that the deed for said lot was ready for delivery to plaintiff upon settlement of the differences between plaintiff and defendant regarding rent, etc., based on the transfer of plaintiff's property as of July 1, 1905, and in full compliance with the terms of said contract, which was collected by plaintiff as aforesaid, and that notice had been given to plaintiff prior to December 21, 1905, of such fact, and plaintiff refused so to do.

"*Seventh.* That said plaintiff refused to settle the differences between himself and said defendant in regard to rents, etc., and to receive the deed to said lot which was offered to him as aforesaid, but on December 26, 1905, demanded the payment of $500 in cash, and upon plaintiff's refusal to pay sued defendant in this action for that sum, instead of accounting for and paying over to defendant rent due him as aforesaid, and accepting and receiving the deed to said lot as offered as aforesaid.

"*Conclusions of law:*   First. That plaintiff is not entitled to recover in this action, and his complaint is dismissed upon the merits.   Second. That said defendant is entitled to judgment against the plaintiff for the sum of $75 besides the costs of this action to be taxed."

Judgment was entered dismissing the complaint and awarding defendant $75 damages on his counterclaim, together with costs, from which judgment this appeal was taken.

For the appellant there was a brief by *Aarons & Niven,* and oral argument by *C. L. Aarons.*

*Charles D. Mann,* for the respondent.

KERWIN, J.   The plaintiff grounds his right to recover upon contract entered into June 22, 1905, by the terms of which it was agreed that in case the defendant should not be able to give a deed of lot 18 he would pay $500 on the 21st day of December, 1905.   This contract must be construed with the one made June 3, 1905, and referred to in the statement of facts, the contract of June 22d being simply an ex-

tension of time given defendant to perfect his title to the lot in question, it appearing that at that time the title to this lot was in litigation. The sixth clause of the contract of June 3d, by which it was provided that each of the parties should be entitled to the possession and receipt of the rents and profits of the premises agreed to be conveyed from the 1st day of July, 1905, obviously continued in force after the execution of the agreement of June 22d, and was so intended by the parties. So when the deal should be finally consummated and the deed of lot 18 given by defendant, if he were able to convey a merchantable title, the plaintiff was under obligation, by force of the agreement between the parties, to carry out the provisions of the contract of June 3d, which remained unperformed, and which still continued in force after the execution of the contract of June 22d.

The plaintiff in his complaint claims the right to recover upon the express contract of June 22d, by the terms of which defendant promised to pay $500, but contends here that the case made is consistent with the theory of an action for damages on account of defendant's failure to convey, and that the $500 is in the nature of liquidated damages which plaintiff may recover on account of the breach. It is not very material whether we treat the plaintiff's claim to recover on one theory or the other, because in either case the action rests on the contract between the parties, and the question arises whether plaintiff has shown a right to recover $500 upon any theory under this contract. Clearly upon the established facts plaintiff cannot recover upon the letter of the contract, because it appears that defendant had a merchantable title to the lot and also the ability to convey it to plaintiff. The contract is that "in case I shall not be able to give then the deed I shall pay you the sum of $500 on the 21st day of December, 1905." As the facts clearly show, the defendant was in doubt June 22, 1905, whether he would be able to give a title to the lot, hence the agreement that he would pay $500 in case

he was unable to do so. This provision of the contract was manifestly intended as security to indemnify plaintiff against loss in case it should turn out that defendant could not convey a merchantable title to the lot. We think it clear that this is the true construction of the agreement between the parties, and that it was not contemplated that the agreement be in the alternative for the conveyance of the lot, or the payment of $500 in case defendant were unable to convey a good title. Now, even if it be conceded for the sake of argument that the plaintiff could recover in case of an absolute refusal to convey, we still think that the condition imposed here was reasonable and within the contract and contemplated by the parties when the contract was made, therefore the tender of the deed subject to the condition imposed was not a refusal to convey and gave plaintiff no right to recover the $500. If the defendant had refused to convey under any circumstances, the situation would be quite different. It is not necessary that we decide whether under such circumstances plaintiff could maintain an action to recover $500, or whether his remedy would be for specific performance, the defendant being able to convey title according to the terms of the contract. Here there was no refusal to convey within the spirit of the contract. On the contrary the deed was executed and tendered, subject only to the condition that plaintiff pay the amount which upon accounting in court it was found he was obliged to pay under the terms of the agreement of June 3d, and we think it was fairly within the contemplation of the parties under the contract that this amount should be paid at the time the deal was finally closed; and this being so, the condition attached to the delivery of the deed was within the contract and within the contemplation of the parties, and the tender of delivery of the deed subject to this condition was a good tender. The contention of the plaintiff that the deed should be first tendered absolutely and without condition or payment of the money due under the contract seems more

technical than substantial in view of the fact that the obligations of both parties under the contract were mutual.

We are therefore of the opinion that upon the facts established the tender of the deed subject to the condition of payment of $75 found to be due from plaintiff under the provisions of the contract was a sufficient tender, and the defendant, being able to convey a merchantable title at the time, complied with his agreement, and the court below was right in holding that the plaintiff could not recover and that the defendant was entitled to judgment on his counterclaim for the amount found due.

*By the Court.*—Judgment of the court below is affirmed.